UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| S S I Technology, Inc., | ) | Case No. 14-55306-mbm |
| | ) | Chapter 11 |
| Debtor. | ) | Hon. Marci B. McIvor |
| | ) | |

### JOINT MOTION OF WWRP AND AMHERST
### FOR ENTRY OF ORDER FINDING DEBTOR IN DEFAULT OF PLAN
### AND ALLOWING WWRP AND AMHERST TO FILE AN AMENDED PLAN

Williams, Williams, Rattner & Plunkett, P.C., former counsel to the Debtor and an administrative claimant ("WWRP"), and Amherst Capital Partners, L.L.C., former financial advisor to the Debtor and an administrative claimant ("Amherst", and referred to collectively with WWRP as "Professionals"), jointly submit this motion (the "Motion"), pursuant to Section 350(b) of title 11 of the United States Code (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 5010, and Local Bankruptcy Rule for the Eastern District of Michigan 9014-1, for entry of an order reopening the Debtor's above referenced chapter 11 case (the "Chapter 11 Case") in order to hear the Joint Motion of WWRP and Amherst for Entry of Order Finding Debtor in Default of Plan and Allowing WWRP and Amherst to File an Amended Plan (the "Plan Default Motion"), which is being filed simultaneously herewith. In support of the Motion, the Professionals respectfully represent as follows:

### JURISDICTION AND BACKGROUND

1.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

1

## GENERAL BACKGROUND

2. On September 30, 2014 (the "Petition Date"), the Debtor filed a voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor continues to manage its business, property and assets as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtor's Second Combined Plan of Reorganization (the "Plan") was confirmed by this Court on December 1, 2015 (the "Confirmation Date"). [Docket No. 509] The Plan provides, at Article II.A.,

> A. <u>Group I</u>. Group I consists of the Administrative Expenses owing to the Administrative Creditors. **Payments to the members of this Group shall begin on the Effective Date**. Debtor estimates that there will be approximately $720,000 in Administrative Expenses, consisting entirely of Administrative Expenses owing to Professionals (not counting normal postpetition indebtedness incurred in the ordinary course of business, which will continue to be paid in the ordinary course of business).
>
> Bankruptcy Code §1129(a) (9) requires Administrative Creditors to be paid in full on the Effective Date, except to the extent the holder of a particular Administrative Expense has agreed to a different treatment of its Administrative Expense. Debtor does not have sufficient Cash to pay the Administrative Expenses of the Professionals on the Effective Date. To the extent any of the Professionals have awarded fees and costs in excess of the amount held by each respective Professional in its client trust account, Debtor will pay such shortfall (the "Shortfall") over time by paying an aggregate of $30,000 per month commencing on the Effective Date and on each month thereafter until the Administrative Expenses of the Professionals are paid in full. Such monthly payments shall be distributed pro-rata to each of the Professionals based on the Shortfall of each Professional, respectively, in proportion to the aggregate amount of the Shortfall of all of the Professionals. Debtor anticipates that the Shortfall of all of the Professionals will be paid in full within 24 months after the Effective Date. To the extent it has not done so, each Professional shall be entitled to apply the Cash in its client trust account against the fees and costs awarded to such Professional. Confirmation of this Plan is dependent upon the agreement of the Professionals to getting their Administrative Expenses paid in the manner provided for herein. (Emphasis added)

2

4. On October 8, 2015, a mediation was conducted by Judge Phillip J. Shefferly. As a result of the mediation, a settlement agreement was negotiated and entered into at the mediation session (the "Settlement Agreement"). See Docket No. 486

5. The Settlement Agreement, at Paragraph 7, provides that,

> The Plan shall provide for, and the Parties shall not object to, the allowance of the administrative expense claims of the professionals approved by the Court in the Bankruptcy Case. The Plan shall further provide that such professionals may apply any retainers that they hold on the Effective Date to their allowed administrative expense claims and **shall thereafter be paid the remaining balance in full by means of the Debtor paying an aggregate sum of $30,000.00 per month for each of the first 30 months after the Effective Date**, which monthly payments shall be distributed pro rata each month to each Professional Fee Claimant based upon the unpaid balance of their respective allowed administrative expense claims. (Emphasis added)

6. Paragraph 7 of the Settlement Agreement modified Article II.A. of the Plan as to the duration of the monthly payments to administrative claimants, i.e., from 24 months to 30 month. The Settlement Agreement did not change the amount of the monthly payment ($30,000) or when payments are to be made (commencing on the Effective Date, December 16, 2015, and on the 16th of each month thereafter).

7. Since the Confirmation Date, the Debtor has not made one payment to the administrative claimants on the date when due:

| Payment No. | Date Due | Date Received |
|---|---|---|
| 1 | December 16, 2015 | December 22, 2015 |
| 2 | January 16, 2016 | January 19, 2016 |
| 3 | February 16, 2016 | February 29, 2016 |
| 4 | March 16, 2016 | March 28, 2016 |

8. Even though all payments made to administrative claimants since the Effective Date of the Plan have been late, they nonetheless have been made.

9. The Plan does not provide the Debtor with the right or opportunity to cure payment or other defaults.

10. The Debtor has provided a number of excuses as to why the payments that have been made, have not been made on time. The reasons for the late payments have consistently been related to the operations, performance and prospects for the Debtor's business. Most recently, the reasons provided by Debtor's counsel on March 17, 2016 included the following:

- "Presently, **the following amounts are outstanding**: (a) **landlord - $13,045.63 for the monthly payment due 3-1-16** (and, in addition, the landlord is also owed $ 16,689.00 for the normal monthly rent payment due on 3-1-16); (b) **Independent Bank - $40,000 for the $20,000 monthly payment due on 2-15-16 and the $20,000 monthly payment due on 3-15-16**; and (c) professionals - $30,000 for the monthly payment due yesterday."

- "SSI was expecting to receive $150,000 this week, but **it now looks like the $150,000 will not be received until late next week**."

- "Bob [Bloom] and SSI are **doing the best they can to stay on top of these payments** (and to bring in money as quickly as possible), and hope that you will continue to bear with them."

- "As you know, SSI exited bankruptcy with **very little working capital** and its primary customers are the Government and some large corporations and, as a result, **the slightest glitch as far as timing with expected payments, has a significant impact upon SSI's ability to make the monthly plan payments** in a timely fashion."

- "SSI is very aware of these obligations and is **doing everything it can** to get them paid as soon as it can."

11. The Debtor's counsel's email is telling not only for the reasons it provides for the late payments to the Professionals but also the admissions of the status of payments owing to Independent Bank and the Debtor's landlord. In other words, the Debtor is apparently in default of almost all of its payment obligations under the Plan.

12. In addition to the information provided in the Debtor's counsel's email of March 17, the Professionals have heard from certain professionals of the metropolitan Detroit financial and investment banking communities regarding efforts the Debtor is making to obtain badly needed working capital or other financing.

13. In light of Debtor's payment performance under the Plan, its efforts to obtain any kind of financing have heretofore been unsuccessful.

14. Accordingly, it seems that the Debtor's schematic for ensuring successful performance of its Plan is to hope that it receives expected payments when expected so that is can make payments in a timely fashion.

15. As the Debtor is not required to provide financial information, Professionals have no insight as to the financial condition of the Debtor, the issues underlying the late receipts, other reasons for the late payments, or the likelihood of continued payments.

16. The Professionals have learned that, in at least one month, the family of Robert Bloom, the sole shareholder and director of the Debtor, had to advance a total of $45,000 to the Debtor to enable it to make scheduled payments to creditors. Despite the cash infusion, the payments were still untimely.

17. The Professionals have also learned that the Debtor has terminated its comptroller and is not able to pay its accountant. As a result of not being paid, the accountant, Paul Cenko of Cenko Venditelli & Haynes PLC, has stopped doing work for the Debtor.

18. Without utilizing the services of a professional account, it is hard to understand how the Debtor is able to perform necessary and required accounting functions, including without limitation, preparing financial statements.

19. Upon information and belief, at least one party is interested in discussing the possibility of a transaction with the Debtor. However, if the Debtor is unable to provide financial statements (among other things) then no potential purchaser would be will or able to close on the purchase of the Debtor's assets.

20. Despite the lack of provided financial information, the inferred results of the Debtor's business operations indicate that, (a) the Debtor's revenues are well below projections, and (b) it has not otherwise been able to fund continuing operations through financing.

21. Further, the Debtor has significant amounts of backlog work to be performed (upon information and belief, $4,000,000) that, because of both its lack of working capital and lack of ability to obtain working capital, it is not able to produce, ship and monetize. Completion of the backlog of work would substantially enhance the perpetuation of Debtor's business and its ability to meet its commitments to creditors under the confirmed Plan.

22. In addition, the Debtor's lease expires in June 2016. Due to the acrimonious relationship between the Debtor and K.R. Kenneth, LLC (the landlord), the Professionals do not believe that extension of the Debtor's occupancy at its current location is feasible.

23. The Chapter 11 Case was closed on February 3, 2016.

## RELIEF REQUESTED

24. By this Motion, the Professionals seek entry of an order, substantially in the form attached hereto as <u>Exhibit 1</u> (the "Proposed Order"), that finds Debtor in default of the Plan and allows the Professionals to file an amended Plan.

## NOTICE

25. A Notice of Motion and Opportunity to Object, this Motion and the Proposed Order will be served by U.S. mail, sent no less than 14 days prior to the date the Motion is scheduled to be heard by the Court, to the following: (i) the Office of the United States Trustee; and (ii) all persons who have requested notice in the Debtor's Chapter 11 case pursuant to Federal Rule of Bankruptcy Procedure 2002 and who do not otherwise receive notice from the Court's ECF system.

## PRIOR REQUEST FOR RELIEF

26. No previous motion for the relief sought herein has been made to this or any other Court.

## CONCLUSION

For the reasons set forth above, the Professionals jointly request that the Court enter an order substantially in the form of the Proposed Order that (i) finds that the Debtor is in default of its obligations under the Plan, (ii) requires the Debtor to make payment to Cenko Venditelli & Haynes PLC, (iii) requires the Debtor to deliver financial statements for year end 2015 and for the quarter ending March 31, 2016, (iv) allows the Professionals to file an amended Plan, and (v) grants such other and further relief as the Court deems just and proper.


Dated: April 4, 2016                     Respectfully submitted,

                                         */s/ Salvatore A. Barbatano*
                                         Salvatore A. Barbatano
                                         Mark R. James
                                         WILLIAMS, WILLIAMS,
                                         RATTNER & PLUNKETT, P.C.
                                         380 North Old Woodward Avenue, Suite 300
                                         Birmingham, MI 48009
                                         Telephone: (248) 642-0333
                                         Facsimile: (248) 642-0856
                                         Email: sabarbatano@wwrplaw.com
                                         Email: mrjames@wwrplaw.com


                                         */s/ Sheldon L. Stone*
                                         Sheldon L. Stone
                                         Brian Phillips
                                         Amherst Capital Partners, L.L.C.
                                         255 East Brown Street, Suite 120
                                         Birmingham, MI 48009
                                         Telephone: (248) 642-5660
                                         Email: sstone@ amherstpartners.com
                                         Email: bphillips@amherstpartners.com

## SUMMARY OF ATTACHMENTS

| | |
|---|---|
| Exhibit 1 | Proposed Form of Order |
| Exhibit 2 | Notice of Motion and Opportunity to Object |
| Exhibit 3 | Brief in Support [None] |
| Exhibit 4 | Certificate of Service |
| Exhibit 5 | Affidavits [None] |
| Exhibit 6 | Documentary Exhibits [None] |

**EXHIBIT 1**

**PROPOSED ORDER**

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

| | |
|---|---|
| In re: ) | |
| ) | |
| S S I Technology, Inc., ) | Case No. 14-55306-mbm |
| ) | Chapter 11 |
| Debtor. ) | Hon. Marci B. McIvor |
| ) | |

### ORDER GRANTING JOINT MOTION OF WWRP AND AMHERST FOR ENTRY OF ORDER FINDING DEBTOR IN DEFAULT OF PLAN AND ALLOWING WWRP AND AMHERST TO FILE AN AMENDED PLAN

Upon consideration of the joint motion (the "Motion")[1] of the Professionals seeking entry of an order that the Debtor is in default under its Plan and to allow the Professionals to file an amended Plan; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and having determined that the cause exists to find the Debtor in default under the terms of the Plan and to allow the Professionals to file an amended Plan; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and, after due deliberation and sufficient cause appearing,

**THEREFORE, IT IS HEREBY**

**ORDERED** that the Motion is granted; and it is further

**ORDERED** that, the Debtor is in default of its Plan; and it is further

---

[1] Any capitalized terms which are not defined herein shall have the meanings ascribed to them in the Motion.

**ORDERED** that, the Debtor shall pay all amounts outstanding owing to requires the Debtor to make payment to Cenko Venditelli & Haynes PLC; and it is further

**ORDERED** that, the Debtor shall deliver to Salvatore A. Barbatano Debtor's financial statements for year-end December 31, 2015 and for the quarter ending March 31, 2016,

**ORDERED** that WWRP and Amherst may file an amended Plan on behalf of the Debtor; and it is further

**ORDERED** that this order is effective upon entry.

**EXHIBIT 2**

**NOTICE OF MOTION AND OPPORTUNITY TO OBJECT**

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:                                )
                                      )
S S I Technology, Inc.,               )   Case No. 14-55306-mbm
                                      )   Chapter 11
              Debtor.                 )   Hon. Marci B. McIvor
                                      )

Address        1235 Spartan St.
               Madison Heights, Michigan  48071

EIN:           38-1973499

### NOTICE OF JOINT MOTION OF WWRP AND AMHERST
### FOR ENTRY OF ORDER FINDING DEBTOR IN DEFAULT OF PLAN
### AND ALLOWING WWRP AND AMHERST TO FILE AN AMENDED PLAN

Williams, Williams, Rattner & Plunkett, P.C., former counsel to the Debtor and an administrative claimant ("WWRP"), and Amherst Capital Partners, L.L.C., former financial advisor to the Debtor and an administrative claimant ("Amherst", and referred to collectively with WWRP as "Professionals"), have filed papers with the Court seeking an order to that finds Debtor in default of the Plan and allows the Professionals to file an amended Plan.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the relief sought in the motion, or if you want the court to consider your views on the motion, **within twenty-one (21) days**, you or your attorney must:

1.       File with the court a written response or an answer[1], explaining your position at:

**United States Bankruptcy Court**
211 W. Fort Street, Suite 2100
Detroit, Michigan 48266

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

---

[1] Any response or answer must comply with F. R. Civ. P. 8(b), (c) and (e).

You must also mail a copy to:

Salvatore A. Barbatano
Mark R. James
WILLIAMS, WILLIAMS, RATTNER & PLUNKETT, P.C.
380 North Old Woodward Avenue, Suite 300
Birmingham, MI 48009
Telephone: (248) 642-0333
Facsimile: (248) 642-0856

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

DATED: April 4, 2016　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　*/s/ Salvatore A. Barbatano*
　　　　　　　　　　　　　　　　Salvatore A. Barbatano
　　　　　　　　　　　　　　　　Mark R. James
　　　　　　　　　　　　　　　　WILLIAMS, WILLIAMS, RATTNER & PLUNKETT, P.C.
　　　　　　　　　　　　　　　　380 North Old Woodward Avenue, Suite 300
　　　　　　　　　　　　　　　　Birmingham, MI 48009
　　　　　　　　　　　　　　　　Telephone: (248) 642-0333
　　　　　　　　　　　　　　　　Facsimile: (248) 642-0856
　　　　　　　　　　　　　　　　Email: sabarbatano@wwrplaw.com
　　　　　　　　　　　　　　　　Email: mrjames@wwrplaw.com

# EXHIBIT 3

**BRIEF [NONE REQUIRED]**

**EXHIBIT 4**

**CERTIFICATE OF SERVICE**

1

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION (DETROIT)**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| S S I Technology, Inc., | ) | Case No. 14-55306-mbm |
| | ) | Chapter 11 |
| Debtor. | ) | Hon. Marci B. McIvor |
| | ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 4, 2016 the *Joint Motion of WWRP and Amherst for Entry of Order Finding Debtor in Default of Plan and Allowing WWRP and Amherst to File an Amended Plan* was filed and served via the Court's electronic case filing and noticing system to all parties registered to received electronic notices in this matter.

DATED: April 4, 2016              Respectfully submitted,

                                  */s/ Salvatore A. Barbatano*
                                  Salvatore A. Barbatano
                                  WILLIAMS, WILLIAMS, RATTNER &
                                  PLUNKETT, P.C.
                                  380 North Old Woodward Avenue, Suite 300
                                  Birmingham, MI 48009
                                  Telephone: (248) 642-0333
                                  Facsimile: (248) 642-0856
                                  Email: sabarbatano@wwrplaw.com

1

**EXHIBIT 5**

**AFFIDAVITS [NONE]**

**EXHIBIT 6**

**DOCUMENTARY EXHIBITS [NONE]**